IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

**BETTY WALKER**,

      Plaintiff,

v.

**UB III (BROWARD), LLC, BANK OF AMERICA, NA, and JONES LANG LASALLE AMERICAS, INC.,**

      Defendants.

_____/

CASE NO: CACE 21-006029 (25)

## SECOND AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, **BETTY WALKER**, by and through the undersigned counsel, sues the Defendants, **UB III (BROWARD), LLC**, **BANK OF AMERICA, NA**, and **JONES LANG LASALLE AMERICAS, INC**. and alleges as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1.    This is an action in excess of THIRTY THOUSAND DOLLARS ($30,000.00) and within the jurisdiction of this Court.

2.    At all times material hereto, upon information and belief, the Plaintiff, **BETTY WALKER**, was a resident of Broward County, Florida, and is *sui juris*.

3.    That all times material hereto, upon information and belief, the Defendant, **UB III (BROWARD), LLC**, was and still is a Foreign Limited Liability Company authorized and doing business in the State of Florida, that:

    a.  owned a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312;

b. maintained a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312;

c. managed a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312; and/or

d. exercised control over a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312;

4.     That all times material hereto, upon information and belief, the Defendant, **BANK OF AMERICA, NA**, was and still is a Foreign Corporation, authorized and doing business in the State of Florida, that:

a. leased a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312;

b. maintained a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312;

c. managed a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312; and/or

d. exercised control over a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312;

5.     That all times material hereto, upon information and belief, the Defendant, **JONES LANG LASALLE AMERICAS, INC.**, was and still is a Foreign Corporation authorized and doing business in the State of Florida, that:

a. maintained a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312;

      b.    managed a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312; and/or

      c.    exercised control over a commercial building premises located at 3800 W. Broward Boulevard, Plantation, FL 33312;

6.      Venue is proper in Broward County, Florida because the incident which is the subject of this Complaint occurred in Broward County, Florida.

## FACTS GIVING RISE TO CAUSE OF ACTION

7.      That on or about May 10, 2017 Plaintiff, **BETTY WALKER**, was walking on the sidewalk of the premises located at 3800 West Broward Boulevard, Plantation, FL 33312 for the purpose of going to the Bank of America located thereon.

8.      Unbeknownst to Plaintiff, **BETTY WALKER**, there was an uneven, broken portion in the sidewalk in her walking path.

9.      As Plaintiff, **BETTY WALKER**, continued to make her way down the sidewalk towards the Bank of America, she tripped and fell due to the uneven, broken portion of the sidewalk, landing on the ground (hereinafter "the incident").

10.      As a direct and proximate result of the incident, Plaintiff, **BETTY WALKER**, sustained serious bodily injuries.

## COUNT I - NEGLIGENCE AGAINST UB III (BROWARD), LLC

11.      The Plaintiff, **BETTY WALKER**, adopts and re-alleges paragraphs 1-10, as if they were reproduced herein, and further alleges:

12.      That at the time the Plaintiff was injured, Defendant, **UB III (BROWARD), LLC**, owed the Plaintiff, **BETTY WALKER**, a non-delegable duty to maintain the sidewalk the sidewalk located on the premises in a reasonably safe condition.

13.     Moreover, Defendant, **UB III (BROWARD), LLC**, had a legal duty to warn the Plaintiff of any defects or unreasonably dangerous conditions on the sidewalk.

14.     Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duties to Plaintiff, **BETTY WALKER**, by the following:

a.  carelessly and negligently creating an unreasonably dangerous condition by permitting the existence of the raised sidewalk that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

b.  carelessly and negligently failing to perform regular inspections of the sidewalk for the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

c.  carelessly and negligently failing to maintain the subject sidewalk free from the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

d.  carelessly and negligently failing to warn this Plaintiff, by sign or otherwise, as to the existence of said unreasonably dangerous conditions on the subject raised sidewalk which Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition

existed or due to the regularity with which the dangerous condition occurs on the subject premises;

e.  carelessly and negligently failing to otherwise undertake reasonable efforts to repair and/or remedy any unreasonable dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

15.   That as a direct and proximate result of the negligence of Defendant, **UB III (BROWARD), LLC**, the Plaintiff, **BETTY WALKER**, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries.  Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, Plaintiff, **BETTY WALKER**, prays for entry of a judgment against Defendant, **UB III (BROWARD), LLC**, in an amount in excess of THIRTY Thousand ($30,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

## COUNT II - NEGLIGENCE AGAINST BANK OF AMERICA, NA

16.     The Plaintiff, **BETTY WALKER**, adopts and re-alleges paragraphs 1-10, as if they were reproduced herein, and further alleges:

17.     That at the time the Plaintiff was injured, Defendant, **BANK OF AMERICA, NA**, owed the Plaintiff, **BETTY WALKER**, a duty to maintain the sidewalk located on the premises in a reasonably safe condition.

18.     Moreover, Defendant, **BANK OF AMERICA, NA**, had a legal duty to warn the Plaintiff of any defects or unreasonably dangerous conditions on the sidewalk.

19.     Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duties to Plaintiff, **BETTY WALKER**, by the following:

   a.  carelessly and negligently creating an unreasonably dangerous condition by permitting the existence of the raised sidewalk that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

   b.  carelessly and negligently failing to perform regular inspections of the sidewalk for the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

   c.  carelessly and negligently failing to maintain the subject sidewalk free from the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to

the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

d.  carelessly and negligently failing to warn this Plaintiff, by sign or otherwise, as to the existence of said unreasonably dangerous conditions on the subject raised sidewalk which Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

e.  carelessly and negligently failing to otherwise undertake reasonable efforts to repair and/or remedy any unreasonable dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

20.  That as a direct and proximate result of the negligence of Defendant, **BANK OF AMERICA, NA**, the Plaintiff, **BETTY WALKER**, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries.  Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, Plaintiff, **BETTY WALKER**, prays for entry of a judgment against Defendant, **BANK OF AMERICA, NA**, in an amount in excess of THIRTY Thousand

($30,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

## COUNT III - NEGLIGENCE AGAINST JONES LANG LASALLE AMERICAS, INC.

21.     The Plaintiff, **BETTY WALKER**, adopts and re-alleges paragraphs 1-10, as if they were reproduced herein, and further alleges:

22.     That at the time the Plaintiff was injured, Defendant, **JONES LANG LASALLE AMERICAS, INC.**, owed the Plaintiff, **BETTY WALKER**, a duty to maintain the sidewalk located on the premises in a reasonably safe condition.

23.     Moreover, Defendant, **JONES LANG LASALLE AMERICAS, INC.**, had a legal duty to warn the Plaintiff of any defects or unreasonably dangerous conditions on the sidewalk.

24.     Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duties to Plaintiff, **BETTY WALKER**, by the following:

   a. carelessly and negligently creating an unreasonably dangerous condition by permitting the existence of the raised sidewalk that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

   b. carelessly and negligently failing to perform regular inspections of the sidewalk for the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

c.   carelessly and negligently failing to maintain the subject sidewalk free from the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

d.   carelessly and negligently failing to warn this Plaintiff, by sign or otherwise, as to the existence of said unreasonably dangerous conditions on the subject raised sidewalk which Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

e.   carelessly and negligently failing to otherwise undertake reasonable efforts to repair and/or remedy any unreasonable dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

25.   That as a direct and proximate result of the negligence of Defendant, **JONES LANG LASALLE AMERICAS, INC.**, the Plaintiff, **BETTY WALKER**, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries.  Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, Plaintiff, **BETTY WALKER**, prays for entry of a judgment against Defendant, **JONES LANG LASALLE AMERICAS, INC.**, in an amount in excess of THIRTY Thousand ($30,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered via E-Portal on September 28, 2021 to: Giselle Mammana, Esq., Liebler, Gonzalez & Portuondo, Attorneys for Bank of America, N.A., Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130, service@lgplaw.com; Stephen P. Smith, Esq., Marlow Adler Abrams Newman & Lewis, Attorneys for Jones Lang Lasalle Americas, Inc., 4000 Ponce de Leon Blvd., Suite 570, Coral Gables, FL 33146, ssmith@marlowdler.com; vcorrea@marlowadler.com.

**FENSTERSHEIB LAW GROUP, P.A.**
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:  (954) 867-1844

**/s/ Jason R. Manocchio**
Jason R. Manocchio, Esq.
Florida Bar No: 92477
**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
Primary: jason@fenstersheib.com
Secondary: jm-pleadings@fenstersheib.com